IN RE ESTATE OF PETER E. WANTZ.
GEORGE W. CHAPPELL ET AL., EXECUTORS, APPELLEES, V. LEROY E. WANTZ, APPELLANT.
289 N. W. 363

FILED DECEMBER 15, 1939. No. 30693.

G. A. Farman, Jr., and J. J. Harrington, for appellant.

William M. Ely, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

FALLOON, District Judge.

This is an appeal from the lower court involving the construction of the will of Peter E. Wantz, which will was admitted to probate in the county court of Brown county on May 24, 1938. It more particularly concerns payments made by the testator on certain obligations or debts of Leroy E. Wantz, a son and legatee of the deceased. The district court found $16,495.83 as the amount to be considered by the executors as having been so paid. Leroy E. Wantz has appealed.

The will was jointly executed by Peter E. Wantz and his wife, Adda Wantz, on November 25, 1931. The wife died first and it was admitted to probate first as her will and subsequently probated as the will of Peter E. Wantz. It provided for certain cash bequests to a half-sister of the wife and to the Congregational Church of Ainsworth, and the residue of the one who died first went to the survivor and then after the death of the survivor was bequeathed to certain children and grandchildren of the wife. As to those provisions of distribution there is no dispute except as it involves the share of the appellant.

The will also contained the following provisions:

"Whereas, Leroy E. Wantz, a son of said Peter E. Wantz, is indebted to said Peter E. Wantz for moneys advanced at various times for the payment of notes signed by said Peter E. Wantz jointly with and as surety for said Leroy E. Wantz, and said Peter E. Wantz is still liable on other notes executed by him jointly with and as surety for said Leroy E. Wantz, and it is the desire of these testators that all moneys, already paid, and which will hereafter be paid by said Peter E. Wantz before his death, or out of his estate after his death, on any notes signed by him jointly with and as surety for said Leroy E. Wantz, and which have not been repaid by said Leroy E. Wantz, shall be considered as advancements to said Leroy E. Wantz out of the estates of these testators and be deducted from the share he would otherwise receive;

"(All such notes so paid by said Peter E. Wantz in his

lifetime will be found in the possession of Wm. M. Ely, Attorney at Law, at Ainsworth, Nebraska, together with a true and correct account of the dates and amounts of the payments made thereon by said Peter E. Wantz, as well as a true and correct account of any payments that shall have been made by said Leroy E. Wantz to said Peter E. Wantz to apply thereon, and the production by said Wm. M. Ely of such notes and account into this court, supported by his sworn testimony that they are the notes and items given to him by said Peter E. Wantz as representing the indebtedness owing by said Leroy E. Wantz to said Peter E. Wantz, shall be accepted as conclusive evidence of the truth of the items of such account and of the amount of indebtedness owing by said Leroy E. Wantz to said Peter E. Wantz for money advanced prior to the latter's death)"

"V"

"Upon the death of the survivor of us, the entire estate of which such survivor shall die seized, real, personal and mixed, shall be converted into cash by our executor or executors as soon as conveniently may be, and, after the payment of all debts, legal charges and expenses of administration, shall be distributed and divided as follows, to wit:

"1. The First Ten Thousand Dollars ($10,000) shall go to William Soper, son of said Adda Wantz;

"2. The next Twenty Thousand Dollars ($20,000) shall go one-half to Verna McGachle, daughter of said Peter E. Wantz, and one-half to the heirs at law of Viva Arnold, a deceased daughter of said Adda Wantz, by right of representation;

"3. The residue shall be divided one-fourth to William Soper, one-fourth to Verna McGachle, one-fourth to Edna Soper, and one-fourth to the heirs at law of Viva Arnold, deceased, by right of representation, until the total amount received by each, including the advancement to Cecil Soper and the amounts mentioned in the two preceding subdivisions 1 and 2, equals the amount of Leroy E. Wantz's advancement, after which the remainder shall be divided one-fifth to William Soper, one-fifth to Verna McGachle,

one-fifth to Edna Soper, one-fifth to Leroy E. Wantz, and one-fifth to the heirs at law of Viva Arnold, deceased, by right of representation;

"And in the event that said Verna McGachle is not living at the time of the death of the survivor of us, then her bequest shall lapse and become a part of the residuary estate, but in the event that any of the other legatees are not living at the time of the death of the survivor of us, then the share of such deceased legatees shall go to his or her issue or next of kin, by right of representation.

"In making this distribution we are endeavoring to divide all of our property which remains after the death of both of us equally among our children, except that we desire William Soper to have the first Ten Thousand Dollars ($10,000) even though the others shall not receive that much, and it is our intention that the advancement previously made to Cecil Soper and Leroy E. Wantz shall be applied toward the satisfaction of their equal shares in our estates."

The appellee executors asked for construction of the will and the amounts considered advanced, to which the appellant joined, but pleaded the statute of limitations and asked that none of the items set forth in the petition be deducted from his share in the distribution.

How did the testator intend to distribute his estate? Courts if possible must arrive at his true intention. That has been pointed out so many times by this court that citations of authorities are unnecessary. The will provided specifically how the indebtedness of Leroy E. Wantz should be determined.

The testimony shows that, about the time of the execution of the will, an account book was given by the testator, Peter E. Wantz, to his attorney, William M. Ely, in which he was to enter certain items as reported to him by said testator from time to time in regard to certain debts paid for his son, Leroy. The will has directed the method and the evidence afforded by the account book and other memorandum was properly admitted to determine the intention

of the deceased. When such intention has been shown, the burden of disproving such is on the person denying the same.

It is true, as has been pointed out in the case of *Stanton v. Stanton*, 134 Neb. 660, 279 N. W. 336, that the doctrine of advancements in this state only applies to intestate estates. That case concerned testacy and this court rightfully refused to read into the will an effect that the testator never intended. Likewise, directions by the testator as to the deductions from certain legacies of proper debts will be enforced precisely as an estate will permit.

The terms used by the testator are immaterial except they point to his obvious intention. In this case the testator intended that the Leroy E. Wantz debts paid by him should be applied on or deducted from his otherwise equal share. Whether the language used was scholarly or not makes no difference, if the manifest meaning or intent can be ascertained. If there be no legal objection, "a man may do what he will, with his own."

"While the term 'advancements' is generally used in case of intestacy, it is also applicable to wills; and, when testator's intention is clear that sums advanced should be deducted from bequests made, his intention must control." *In re Bresler's Estate*, 119 N. W. 1104 (155 Mich. 567).

This intention to adeem a legacy may be shown by parol evidence, including that of the testator's conduct subsequent to the execution of the will, and entries made in an account book and other memorandum properly identified, showing the amount of such payments, are admissible as proof of such satisfaction or ademption. When the evidence shows such an intention on the part of the testator to adeem or satisfy a legacy subsequent to the execution of the will, such intention is controlling, and the burden of disproving such intention is on the party denying it.

"Where the circumstances are such that an intention of the testator to adeem a legacy is presumed, the presumption is one of fact and not of law, and so may be rebutted, but the burden of doing so is on those seeking to rebut it; and

the rebuttal evidence must be clear and satisfactory, particularly where the will contains language tending to confirm the presumption." 69 C. J. 1026.

The terms of the will are clear. The will says that the shares of Cecil Soper and Leroy E. Wantz should be charged certain amounts that they had received. The amount charged against Cecil Soper was definitely fixed at $10,000 and there is no controversy as to his share. The amount as to Leroy E. Wantz was to be determined as provided in the will on such notes paid by the testator in his lifetime to be found in possession of his lawyer, William M. Ely, and on "the production by said Wm. M. Ely of such notes and account into court, supported by his sworn testimony that they are the notes and items given to him by said Peter E. Wantz as representing the indebtedness owing by said Leroy E. Wantz to said Peter E. Wantz, shall be accepted as conclusive evidence of the truth of the items of such account and of the amount of indebtedness owing by said Leroy E. Wantz to said Peter E. Wantz for money advanced prior to the latter's death."

When there is a direction in the will as to deduction for debts of a beneficiary from his legacy, it will be enforced even though barred by the statute of limitations. The testator has control over his property, and the courts, unless prohibited by law, must carry out his intention as expressed by his last will and testament. The language used clearly denotes the intention of the testator to treat the payments, which he had previously made, as well as those he should thereafter make, in payment of appellant's debts, as deductions from his otherwise equal share.

The case of *Stanton v. Stanton, supra,* has been cited by both appellant and appellees, and the clear reasoning therein expressed by this court points the way to the proper solution of this case.

The evidence in this case has been carefully read and the decree of the district court is the correct construction and findings of fact under the terms of the will and the evidence adduced, and it is hereby

AFFIRMED.